UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES ODELL HOWELL, JR., | ) | Civil Action No.: 4:13-cv-0295-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| DR. FRED HOLLAND and McLEOD | ) | |
| REGIONAL MEDICAL CENTER OF | ) | |
| THE PEE DEE; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff alleges numerous state law causes of action as well as a cause of action for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Presently before the Court is Plaintiff's Motion to Compel (Document # 39). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

Plaintiff seeks an order compelling Defendant McLeod Regional Medical Center of the Pee Dee (McLeod) to fully and completely respond to Plaintiff's First Supplemental Requests for Production of Documents numbers 4, 5, and 7:

> 4. Any and all documents, including but not limited to reports, agendas, minutes, notes, or dockets of the Medical Staff Executive Committee (MEC) regarding any investigations involving Dr. Fred Holland either clinically or behaviorally.
>
> 5. Any and all documents, including but not limited to reports, agendas, minutes, notes, dockets of the Quality Outcomes Committee (QOC) regarding any investigations involving Dr. Fred Holland either clinically or behaviorally.
>
> . . .

>   7. A copy of any and all "Improve the Process" Forms concerning Dr. Holland, either clinically or behaviorally.

Plaintiff's First Supplemental Requests for Production of Documents (Ex. 1 to Pl. Motion).

McLeod objected to these requests, asserting that the requests are overly broad, unrelated to the allegations in the Complaint and because the documents responsive to these requests are privileged and protected from disclosure pursuant to S.C. Code Ann. § 40-71-10 and § 40-71-20. In its Response (Document # 41) to the Motion to Compel[1], McLeod argues that the requested documents are also protected from disclosure pursuant to S.C. Code Ann. § 44-7-392. On June 26, 2012, § 40-71-10 was amended and § 44-7-392 was enacted. McLeod argues that the documents requested by Plaintiff are protected by § 40-71-10 and -20 for Dr. Holland's conduct prior to June 26, 2012, and are protected by § 44-7-392 for any conduct on or after June 26, 2012.[2]

Prior to June 26, 2012, § 40-71-10(B) stated,

> There is no monetary liability on the part of, and no cause of action for damages arising against, a member of an appointed committee which is formed to maintain professional standards of a state or local professional society as defined in this section or <u>an appointed member of a committee of a medical staff of a licensed hospital, provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital, or</u>[3] a committee appointed by the Department of Health and Environmental Control to review patient medical and health records in order to study the causes of death and disease for any act or proceeding undertaken or performed within the scope of the functions of the committee if the committee member acts without malice, has made a reasonable effort to obtain the facts relating to the matter under consideration, and acts in the belief that the action taken by him is warranted by the facts known to him.

---

[1] Dr. Holland also filed a Response (Document # 40) in opposition to Plaintiff's Motion.

[2] This action involves alleged conduct by Dr. Holland beginning in September of 2011.

[3] The 2012 amendment substituted "a committee appointed by the Department of Mental Health, or" for the emphasized phrase above.

S.C. Code Ann. § 40-71-10(B) (emphasis added). Section 40-71-20 provides that "[a]ll proceedings of and all data and information acquired by the committee referred to in Section 40-71-10 in the exercise of its duties are confidential unless a respondent in the proceeding requests in writing that they be made public. These proceedings and documents are not subject to discovery, subpoena, or introduction into evidence in any civil action except upon appeal from the committee action."

McLeod asserts that the documents requested by Plaintiff in Requests 4, 5, and 7 were all generated or acquired by the Quality Outcome Committee (QOC), which is a subcommittee of the Medical Executive Committee (MEC). The QOC qualifies as a committee as defined in pre-June 2012 § 40-71-10(B) because it is a committee of the McLeod medical staff which operates pursuant to written bylaws that have been approved by the governing board of the hospital. See McLeod Regional Medical Center of the Pee Dee, Inc. Medical Staff Bylaws (Ex. 1 to McLeod's Response).

The South Carolina Supreme Court has explained that

> The overriding public policy of the confidentiality statute is to encourage health care professionals to monitor the competency and professional conduct of their peers to safeguard and improve the quality of patient care. The underlying purpose behind the confidentiality statute is not to facilitate the prosecution of civil actions, but to promote complete candor and open discussion among participants in the peer review process.

Durham v. Vinson, 360 S.C. 639, 646, 602 S.E.2d 760, 763 (S.C. 2004) (citing McGee v. Bruce Hospital System, 312 S.C. 58, 61, 439 S.E.2d 257, 259 (1993)).

Accordingly, to the extent the documents requested by Plaintiff regard Dr. Holland's conduct prior to June 26, 2012, those documents are protected from disclosure pursuant to S.C. Code Ann. § 40-71-10 and § 40-71-20.

In June of 2012, South Carolina's Legislature enacted S.C. Code Ann. § 44-7-392 to

separately govern hospital peer review committees. The new statute "applies to any investigative action undertaken as provided herein where the underlying event giving rise to the investigation occurs on or after the effective date [June 26, 2012]." 2012 South Carolina Laws Act 275 (H.B. 4008). This statute provides that

> (A)(1) All proceedings of, and all data, documents, records, and information prepared or acquired by, a hospital licensed under this article, its parent, subsidiaries, health care system, committees, whether permanent or ad hoc, including the hospital's governing body, or physician practices owned by the hospital (its parent or subsidiaries), relating to the following are confidential:
>
> > (a) sentinel event investigations or root cause analyses, or both, as prescribed by the joint commission or any other organization under whose accreditation a hospital is deemed to meet the Centers for Medicare and Medicaid Services' conditions of participation;
> >
> > (b) investigations into the competence or conduct of hospital employees, agents, members of the hospital's medical staff or other practitioners, relating to the quality of patient care, and any disciplinary proceedings or fair hearings related thereto;
> >
> > (c) quality assurance reviews;
> >
> > (d) the medical staff credentialing process;
> >
> > (e) reports by a hospital to its insurance carriers;
> >
> > (f) reviews or investigations to evaluate the quality of care provided by hospital employees, agents, members of the hospital's medical staff, or other practitioners; or
> >
> > (g) reports or statements, including, but not limited to, those reports or statements to the National Practitioner Data Bank and the South Carolina Board of Medical Examiners, that provide analysis or opinion (including external reviews) relating to the quality of care provided by hospital employees, agents, members of the hospital's medical staff, or other practitioners; or
> >
> > (h) incident or occurrence reports and related investigations, unless the report is part of the medical record.

S.C. Code Ann. § 44-7-392(A)(1)(b). It further provides that "[t]hese proceedings and data, documents, records, and information in subsection (A)(1) are not subject to discovery, subpoena, or introduction into evidence in any civil action unless the hospital and any affected person who is a party to such action waives the confidentiality in writing."

Plaintiff's Requests 4, 5 and 7 fall squarely within subsection (A)(1) and, thus, the documents relating to Dr. Holland's conduct after June 26, 2012, are protected from disclosure.

Plaintiff argues that the QOC and MEC do not qualify as committees under S.C. Code Ann. § 40-71-10[4] because "nothing in the record suggest[s] that these alleged committees were 'formed to maintain professional standards of a state or local professional society.'" Pl. Motion p. 5. However, Plaintiff addresses only the current version of the statute and does not discuss the statute pre-June 2012 amendment discussed above. Thus, Plaintiff's argument is without merit.[5]

For the reasons discussed above, Plaintiff's Motion to Compel (Document # 39) is **DENIED**.

**IT IS SO ORDERED**.

                                             s/Thomas E. Rogers, III
                                             Thomas E. Rogers, III
                                             United States Magistrate Judge

March 10, 2014
Florence, South Carolina

---

[4] Defendants raise § 44-7-392 in their Responses. Plaintiff did not file a Reply and, thus, has not addressed the applicability of this statute.

[5] Plaintiff argues that § 40-71-20 does not protect the outcomes of any decision-making process. McLeod responds by stating that "the outcome of all peer review proceedings concerning Holland was the same: Holland maintained full clinical privileges while a member of the McLeod medical staff." Def. Response p. 6. Despite whether this is the outcome about which Plaintiff is inquiring, the Motion before the court addresses document production only, and, as stated above, the documents sought by Plaintiff are confidential.